UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONY BUTLER,<br><br>Plaintiff,<br><br>v.<br><br>CFG HEALTH SERVICES INC., et al.,<br><br>Defendants. | Civil Action No.  21-13354 (FLW)<br><br>MEMORANDUM AND ORDER |

Plaintiff Tony Butler, who is currently confined at Mercer County Correctional Center "MCCC"), in Trenton, New Jersey, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.  The Court previously denied without prejudice Plaintiff's IFP application.  At this time, the Court will grant Plaintiff's IFP application, ECF No. 3, and screen the Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Complaint alleges that a unidentified nurse at MCCC "wrongly" gave Plaintiff a medication that was not prescribed to him on January 28, 2021.  The medication allegedly caused Plaintiff to vomit and have diarrhea for four days.  He was unable to eat and drink during this time.  Medical staff performed an x-ray, which allegedly showed that Plaintiff had an infection in his intestines.  Plaintiff was transported to St. Francis Hospital, and he told medical staff at St. Francis that he had been wrongly medicated by the unidentified nurse.  Due to the medication error, Plaintiff allegedly needs to take additional medication on a long term basis, and is suffering from paranoia, nightmares, night sweats, and hair loss.  *See* Complaint at 5-6.  In the caption of his Complaint, Plaintiff lists CFG Health Services Inc. ("CFG Health Services"), the employer of the unidentified nurse, and Charles Ellis, the Warden of MCCC, as Defendants.

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B).

The Court construes Plaintiff to raise federal claims for inadequate medical care pursuant to 42 U.S.C. § 1983.  "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law."  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).  A pre-trial detainee's rights with respect to medical care flow from the Fourteenth Amendment rather than the Eighth Amendment, but the standard under both provisions is the same: deliberate indifference to the detainee's serious medical needs.  *See A.M. v. Luzerne County Juvenile Det. Ctr.*, 372 F.3d 572, 584 (3d Cir. 2004); *Groman v. Township of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995).

Here, Plaintiff appears to assert that the unidentified nurse acted with deliberate indifference to his serious medical needs when she gave him the wrong medication. To state a § 1983 claim for deliberate indifference to serious medical needs, Plaintiff must plead facts indicating: (1) a serious medical need; and (2) conduct on the part of each prison official that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

Serious medical needs include previously diagnosed conditions requiring treatment or those that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in "unnecessary and wanton infliction of

pain," lifelong handicap, or permanent loss. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

Deliberate indifference requires proof that the particular defendant: "[1] knows of and [2] disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In this context, "deliberate indifference" is a subjective standard. *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). The official "must actually have known or been aware of the excessive risk to inmate safety[,]" and it is "not sufficient that the official should have known of the risk." *Id*. Courts have found deliberate indifference where an official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999*)*.

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990); *see also Robertson v. Gilmore*, 850 F. App'x. 833, 837 (3d Cir. 2021) (affirming dismissal of Complaint where Plaintiff failed to allege that the defendants "showed more than negligence or medical malpractice in making their treatment decisions").

Here, the Complaint does not plausibly allege facts to suggest that the unidentified nurse acted intentionally or otherwise recklessly disregarded a substantial risk of serious harm when she gave Plaintiff the wrong medication on January 28, 2021. At best, the few facts provided could support a state law claim for medical negligence, but the conduct alleged not rise to the level of

deliberate indifference.  As such, the Court dismisses the § 1983 claim for deliberate indifference against the unidentified nurse.

The caption of Plaintiff's Complaint also lists CFG Health Services and Warden Charles Ellis as Defendants.  As explained below, the Court dismisses these Defendants without prejudice because *respondeat superior* is not a basis for liability under § 1983.

As a general rule, government officials are not liable under § 1983 for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  "To establish liability under § 1983, each individual defendant 'must have personal involvement in the alleged wrongdoing.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).  There are two basic ways that a supervisor may be held liable under § 1983 – through direct participation or through policymaking. With respect to direct participation, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586 (3d Cir. 2004).  A supervisor-defendant may be also liable for unconstitutional acts undertaken by subordinates if the supervisor-defendant "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (alteration in original).
Here, there are no allegations that Defendant Ellis had any personal involvement in the alleged wrongs through direct participation and/or policymaking.  As such, the claims against Defendant Ellis are dismissed without prejudice.

Similarly, to hold CFG Health Services liable for his injuries, Plaintiff must provide facts showing that this entity had a relevant policy or custom, and that policy violated his constitutional

4

rights.[1]  *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Natale*, 318 F.3d at 583–84 (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).  Here, Plaintiff provides no facts to suggest that there is a relevant policy or custom or that the policy or custom caused any constitutional violations.  But, more importantly, Plaintiff has failed to even allege a constitutional violation to support his *Monell* claim.  *See, supra*.  The Court will therefore dismiss without prejudice the § 1983 claims against CFG Health Services.

It is possible that Plaintiff is also attempting to assert state law tort claims against the Defendants.  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware Cty., Pa.*, 983 F.2d 1277, 1284–85 (3d Cir. 1993).  Having dismissed the federal claims without prejudice, the Court declines supplemental jurisdiction over any potential, unasserted state law claims at this time.

The Court will, however, permit Plaintiff to submit an Amended Complaint to the extent he can provide facts to cure the deficiencies in his claims.  *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (holding that in civil rights cases, the Court must allow amendment, unless doing so would be inequitable or futile).  Because it is conceivable that Plaintiff can cure the deficiencies in the claims against the unidentified nurse,

---

[1] If Plaintiff seeks to hold the County of Mercer liable though Ellis as its policymaker, he must allege that the County had a relevant policy or custom that caused the harm in question.

Warden Ellis, and/or CFG Health Services, he may file an Amended Complaint and a request to reopen this matter within 45 days of the date of this Memorandum and Order.[2]

**THEREFORE**, it is on this 12th day of January 2022;

**ORDERED** that the Clerk of the Court shall mark this matter as OPEN; and it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is GRANTED; and it is further

**ORDERED** that the Complaint shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Mercer County Correctional Center; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees,

---

[2] Plaintiff is free to reassert his state law claims in the amended complaint. Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. *Id.*

Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that the Complaint is dismissed without prejudice in its entirety pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Court declines supplemental jurisdiction over any state law claims at this time; and it is further

**ORDERED** that Plaintiff may file an Amended Complaint within 45 days with a request to reopen this matter to the extent he can cure the deficiencies in his Complaint; and it is further

**ORDERED** that if Plaintiff does not submit an Amended Complaint within the time provided, this dismissal shall automatically convert to a dismissal with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail and CLOSE this case accordingly.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge